**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**CHAMBERS OF**
**J. Mark Coulson**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**P: (410) 962-4953 | F: (410) 962-2985**
**mdd_jmcchambers@mdd.uscourts.gov**

March 12, 2024

LETTER ORDER AND OPINION TO COUNSEL

RE:   *Pryszmont v. Allstate Vehicle and Property Insurance Company*
      Civil No. 1:22-cv-02792-JMC

Dear Counsel:

Defendant, Allstate Vehicle and Property Insurance Company, filed a Motion to Compel on November 6, 2023, seeking Court compulsion of Plaintiff's, Erika Pryszmont, full and complete written discovery responses to Defendant's interrogatories and requests for production that were then-outstanding. (ECF No. 30). Plaintiff filed her opposition to the Motion to Compel on December 28, 2023, indicating that Plaintiff served the overdue written discovery responses that same day and requesting that the Court deny the Motion to Compel as moot. (ECF No. 33). In response, Defendant alleged that those overdue responses were deficient and further asked the Court to compel Plaintiff to cure those deficiencies within seven days of any such order. (ECF No. 34).

The parties then submitted a joint status report on January 2, 2024, in which Defendant reiterated its belief that Plaintiff's overdue discovery responses were deficient and requested an extension of the discovery deadline to January 28, 2024, "for the sole purpose of Plaintiff's deposition and for the Defendant's experts to inspect the Plaintiff's residence." (ECF No. 35 at 2). Relatedly, some of the alleged deficiencies regarding Plaintiff's written discovery responses involved a lack of information from Plaintiff's Public Adjuster and a lack of photographs.

The Court convened a conference call with the parties on January 9, 2024, to address these remaining discovery issues and Defendant's request to extend the discovery deadline. (ECF No. 36). During that call, Plaintiff indicated that she did not possess information from the Public Adjuster, suggesting that Defense Counsel should obtain that information. However, the Court also noted in its ensuing Order that, although Plaintiff cannot produce what she does not possess, it is nevertheless Plaintiff's responsibility for producing in discovery information that she intends to rely on at trial or in resisting a dispositive motion. (ECF No. 37). Similarly, the Court noted that Plaintiff should arrange for the deposition of her Public Adjuster should she intend to rely on the Public Adjuster's testimony. *Id.*

To address the alleged discovery deficiencies and need to conduct more discovery, the Court extended the deadline for production to January 31, 2024, and the dispositive motions deadline to March 1, 2024. (ECF No. 37). The Court expressly deferred ruling on the pending Motion to Compel until the above production deadline passed because those subsequent

productions and deposition(s) may have mooted all or part of the Motion to Compel and Defendant's alleged deficiencies. *Id.*

When the Court heard nothing from either party as of February 14, 2024—two-weeks after the new production deadline—the Court issued a paperless order directing the parties to confer and inform the Court by February 23, 2024, whether the extended discovery deadline and any additional production(s) and/or deposition(s) resolved the issues raised in the Motion to Compel. (ECF No. 39). The parties ignored the Court's directive. Instead of promptly informing the Court of the status of the Motion to Compel by February 23, 2024, the Court did not hear from the parties until March 1, 2024, when they filed a consent motion for extension of the dispositive motions deadline. (ECF No. 40). In that consent motion, the parties noted that Plaintiff's and Plaintiff's Public Adjuster's depositions went forward on January 30, 2024. *Id.* The consent motion made no reference to any subsequent discovery productions and indicated in no way that Plaintiff failed to make those subsequent productions in response to Defendant's alleged deficiencies.

The Court nevertheless granted the consent motion on March 4, 2024, and again directed the parties to inform the Court by March 11, 2024, whether any of the issues in the Motion to Compel remained after (presumably) Plaintiff's subsequent production and the parties' indication that both Plaintiff and her Public Adjuster were deposed. (ECF No. 41). The parties again ignored the Court's directive. Instead of notifying the Court of the status of the Motion to Compel, Defendant proceeded by filing a motion for summary judgment. (ECF No. 42).

Hearing nothing from the parties to the contrary notwithstanding its prior orders, the Court concludes that the subsequent productions and depositions have addressed the issues raised in the Motion to Compel. Further, Defendant implies by way of filing its dispositive motion that it requires no additional discovery or evidence from Plaintiff in pursuing its claims. *See Nyonka v. MVM Sec., Inc.*, No. CIV.A. DKC 12-2264, 2013 WL 2420652, at *2 (D. Md. May 31, 2013) (denying motion to compel where the parties' status report indicated issues underlying the motion to compel were resolved and the moving party intended to file a dispositive motion without further extension of the discovery deadline). Accordingly, the Motion to Compel (ECF No. 30) is denied as moot.

Despite the informal nature of this letter, it is nevertheless a Memorandum Opinion and Order of the Court, and the Clerk is asked to docket it as such.

Sincerely yours,

Date: March 12, 2024

/s/
J. Mark Coulson
United States Magistrate Judge